Filed 11/15/24  P. v. Duncan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM EARL DUNCAN, JR.,<br><br>Defendant and Appellant. | C100475<br><br>(Super. Ct. No. 23CF02158) |

Appointed counsel for defendant William Earl Duncan, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief, and defendant filed a supplemental brief challenging the trial court's denial of his motion to suppress evidence.

1

Having reviewed the supplemental brief and the record, we conclude defendant's challenge to the denial of his motion to suppress lacks merit and there is no other arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

I

On May 25, 2023, a police officer conducted a traffic stop of defendant's car. After the officer shined his flashlight in the passenger window, defendant drove off and the officer followed him. Defendant crashed his car into a tree and ran from the car. He was found nearby and arrested. Officers searched defendant's car and found over five pounds of methamphetamine, a handgun, an assault rifle, and ammunition.

Pursuant to Penal Code section 1538.5, defendant moved to suppress the evidence from the traffic stop, arguing the stop was unreasonable. The trial court held a combined preliminary hearing and hearing on the motion to suppress.

Officer Charles Stelzner testified that as he drove past a man while on patrol, the man immediately turned around, walked to a car at a gas station, and began digging through the passenger compartment. Officer Stelzner ran the license plate of the car, learning that it had been registered to defendant but that the registration had expired. When the officer circled around, the car began driving away. Officer Stelzner received information that defendant had an outstanding warrant, and Officer Stelzner followed the car, noting that the rear license plate light was out, making it impossible for him to read the plate without his headlights. Officer Stelzner made the enforcement stop.

On cross-examination, Officer Stelzner admitted that five or six minutes after the initial stop, he learned that defendant did not have an outstanding warrant. He also admitted that if he had read more of the available DMV information, he would have seen that someone had paid the registration on the car a few days before the stop. Officer Stelzner testified, however, that at the time of the initial stop, he thought the registration was not paid and that defendant had an outstanding warrant. He added that while

2

photographic evidence showed that one of the two lights illuminating defendant's rear license plate was working, Officer Stelzner could not read the entire plate number without his headlights.

The trial court denied defendant's motion to suppress based on Officer Stelzner's inability to read defendant's license plate, and it held defendant to answer on the charges.

Defendant pleaded no contest to the sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a) -- count 1), possession of methamphetamine with a firearm (Health & Saf. Code, § 11370.1, subd. (a) -- count 3), fleeing a pursuing peace officer's motor vehicle (Veh. Code, § 2800.1, subd. (a) -- count 11), and resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) -- count 12). The plea agreement provided that in exchange, defendant would receive a stipulated sentence of five years, and the remaining counts and allegations would be dismissed with a *Harvey*[1] waiver.

The trial court sentenced defendant consistent with the plea agreement, awarded him 489 days of presentence credit (245 actual days and 244 conduct days), and imposed minimum fines and fees. Defendant did not request a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief challenging the trial court's denial of his motion to suppress evidence, arguing the officer at the suppression hearing lied.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

"The Fourth Amendment to the United States Constitution prohibits seizures of persons, including brief investigative stops, when they are 'unreasonable.' (*Terry v. Ohio* (1968) 392 U.S. 1, 19 & fn. 16; [citation].) Our state Constitution has a similar provision. (Cal. Const., art. I, § 13.)" (*People v. Souza* (1994) 9 Cal.4th 224, 229.)

"[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." (*United States v. Sokolow* (1989) 490 U.S. 1, 7.) "Reasonable suspicion exists 'when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' " (*Mosley v. Superior Court* (2024) 101 Cal.App.5th 243, 254.) "When reviewing a trial court's decision on a motion to suppress, the reviewing court must 'defer to its factual findings if supported by substantial evidence' but must 'independently assess the legal question of whether the challenged search or seizure satisfies the Fourth Amendment.' (*People v. Brown* (2015) 61 Cal.4th 968, 975.)" (*People v. Suggs* (2023) 93 Cal.App.5th 1360, 1364.)

"The trial court, not the reviewing court, 'is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable.' (*People v. Woods* (1999) 21 Cal.4th 668, 673.) 'The uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable.' (*People v. Scott* (1978) 21 Cal.3d 284, 296.) To reject the statements given by a witness whom the trial court has found credible, either they must be physically impossible or their falsity must be apparent without resorting to inferences or deductions. (*People v. Mayberry* (1975) 15 Cal.3d 143, 150.) When two or more inferences can reasonably be deduced from the facts as found, a reviewing court is without power to substitute its deductions for those of the trier of fact.

4

(*People v. Johnson* (1980) 26 Cal.3d 557, 576-577.)" (*People v. Duncan* (2008) 160 Cal.App.4th 1014, 1018.)

Here, when the trial court found Officer Stelzner was unable to read the entirety of the plate, it implicitly also found that defendant's rear license plate light was not working. Those findings are supported by the record. Although Officer Stelzner could read the license plate while defendant's car was at the gas station, he testified that while he was following defendant, he could not read the entirety of the plate without his headlights because one of the two plate lights was not working. He confirmed this by turning his headlights off and on. A photo showed that only one of the lights illuminating defendant's rear license plate was functioning. Substantial evidence supports the trial court's factual findings. (*People v. Duncan, supra*, 160 Cal.App.4th at p. 1018.)

In light of those determinations, Officer Stelzner had reasonable suspicion to investigate a code violation at the time of the stop. (*United States v. Sokolow, supra*, 490 U.S. at p. 7; *Mosley v. Superior Court, supra*, 101 Cal.App.5th at p. 254.) Vehicle Code section 24601 requires that a lamp "illuminate with a white light the rear license plate during darkness and render it clearly legible from a distance of 50 feet to the rear." Thus, when Officer Stelzner was unable to read defendant's rear license plate because of a nonfunctioning lamp, he had reasonable suspicion that Vehicle Code section 24601 had been violated. Defendant's belief that the officer perjured himself is not a basis to overturn the trial court's denial of his suppression motion. (*People v. Johnson*, *supra*, 26 Cal.3d at pp. 576-577.) Defendant's challenge lacks merit.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

5

DISPOSITION

The judgment is affirmed.


                                                      /s/
                                              MAURO, J.



We concur:



 /s/
EARL, P. J.



 /s/
ROBIE, J.


6